RULE 500.  PRESERVATION OF TESTIMONY AFTER INSTITUTION OF CRIMINAL PROCEEDINGS.

(A)  BY COURT ORDER.

(1)  At any time after the institution of a criminal proceedings, upon motion of any party, and after notice and hearing, the court may order the taking and preserving of the testimony of any witness who may be unavailable for trial or for any other proceeding, or when due to exceptional circumstances, it is in the interests of justice that the witness' testimony be preserved.

(2)  The court shall state on the record the grounds on which the order is based.

(3)  The court's order shall specify the time and place for the taking of the testimony, the manner in which the testimony shall be recorded and preserved, and the procedures for custody of the recorded testimony.

(4)  The testimony shall be taken in the presence of the court, the attorney for the Commonwealth, the defendant(s), and defense counsel, unless otherwise ordered.

(5)  The preserved testimony shall not be filed of record until it is offered into evidence at trial or other judicial proceeding.

(B)  BY AGREEMENT OF THE PARTIES.

(1)  At any time after the institution of a criminal proceeding, the testimony of any witness may be taken and preserved upon the express written agreement of the attorney for the Commonwealth, the defendant(s), and defense counsel.

(2)  The agreement shall specify the time and place for taking the testimony, the manner in which the testimony shall be recorded and preserved, and the procedures for custody of the recorded testimony.

(3)  The testimony shall be taken in the presence of the attorney for the Commonwealth, the defendant(s), and defense counsel, unless they otherwise agree.

(4)  The agreement shall be filed of record.

(5)  The preserved testimony shall not be filed of record until it is offered into evidence at trial or other judicial proceeding.

COMMENT:  This rule is intended to provide the means by which testimony may be preserved for use at a subsequent stage in the criminal proceedings.  When testimony is to be preserved by videotape recording, see also Rule 501.

This rule does not address the admissibility of the preserved testimony.  All questions of admissibility must be decided by the court.  *See, e.g.*, Judicial Code § 5917, 42 Pa.C.S. § 5917 (1982); *Commonwealth v. Scarborough*, 421 A.2d 147 (Pa. 1980); *Commonwealth v. Stasko*, 370 A.2d 350 (Pa. 1977).

"May be unavailable," as used in paragraph (A), is intended to include situations in which the court has reason to believe that the witness will be unable to be present or to testify at trial or other proceedings, such as when the witness is dying, or will be out of the jurisdiction and therefore cannot be effectively served with a subpoena, **or is elderly, frail, or demonstrates the symptoms of mental infirmity or dementia,** or may become incompetent to testify for any **other** legally sufficient reason.

Under paragraph (A)(4), a judge should preside over the taking of testimony.  The court, however, may order that testimony be taken and preserved without a judge's presence when exigent circumstances exist or the location of the witness renders a judge's presence impracticable.  Furthermore, nothing in this rule is intended to preclude counsel, the defendant(s), and the judge from agreeing on the record that the judge need not be present.  Paragraph (B)(3) permits the attorney for the Commonwealth, the defendant(s), and defense counsel to determine among themselves whether a judge should be present during the taking of testimony.  That determination should be made a part of the written agreement required by paragraph (B)(1).

Nothing is this rule is intended to preclude the defendant from waiving his or her presence during the taking of testimony.

The means by which the testimony is recorded and preserved are within the discretion of the court under paragraph (A) and the parties under paragraph (B), and may include the use of electronic or photographic techniques such as videotape.  There are, however, additional procedural requirements for preservation of testimony by videotape recording mandated by Rule 501.

The party on whose motion testimony is taken should normally have custody of and be responsible for safeguarding the preserved testimony.  That party should also promptly provide a copy of the preserved testimony to any other party upon payment of reasonable costs.

When testimony is taken under this rule, the proceeding should be adversarial, and afford the parties full opportunity to examine and cross-examine the witness. Counsel should not reserve objections for time of trial.

Paragraphs (A)(5) and (B)(5) are intended to guard against pretrial disclosure of potentially prejudicial matters.

For definition of "court," see Rule 103.


NOTE:  Rule 9015 adopted November 8, 1982, effective January 1, 1983; amended March 22, 1989, effective July 1, 1989; renumbered Rule 500 and amended March 1, 2000, effective April 1, 2001**[.]** **; *Comment* revised August 31, 2016, effective October 1, 2016.**

\*   \*   \*   \*   \*   \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the August 31, 2016 Comment revision refining the definition of "unavailable" to include the elderly published with the Court's Order at 46  Pa.B. (  , 2016).*